IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRIS STOWELL                                                                                           PLAINTIFF

      v.                                   Civil No. 12-5125

DEPUTY LONG, Benton
County Detention Center                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff, Chris Stowell, pursuant to the terms of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* The case is before me on the motion to dismiss (Doc. 26) filed by Defendant, Deputy Long, and Plaintiff's response (Doc. 33).

**1. Background**

According to the allegations of the complaint, Deputy Long used excessive force against the Plaintiff on April 25, 2012. Specifically, Plaintiff alleges he was in the cell telling Deputy Long that he was throwing away the Plaintiff's soap and shampoo when Deputy Long became upset, grabbed Plaintiff's arm, and took him out of his cell. Once out of the cell, Plaintiff alleges Deputy Long pushed him up against the wall several times while asking why Plaintiff was resisting.

Plaintiff alleges he told Deputy Long he was not resisting. Deputy Long is alleged to have responded by attempting to slam Plaintiff into the door face first. At the time, Plaintiff put his foot out so Deputy Long could not use Plaintiff's face. Plaintiff was then slammed to the wall and then to the floor.

-1-

Plaintiff has indicated he is suing Deputy Long in his official and personal capacities. As relief, Plaintiff indicates he is seeking punitive damages and "compensation for the assault and over excessive force tactics."

## 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.).

## 3. Discussion

Deputy Long has now filed a partial motion to dismiss. He seeks dismissal of the official capacity claim and of the claim for compensatory damages.

### (A) Official Capacity Claim

Under § 1983, a Defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a Defendant in both his individual and his official

capacities. An official capacity claim "is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claim is treated as a claim against Benton County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right." Alexander v. Hedback, 718 F.3d 762, 766 (8th Cir. 2013)(citations omitted). "A governmental policy involves a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." Brockinton v. City of Sherwood, 503 F.3d 667, 674 (8th Cir. 2007)(internal quotations and citations omitted). A "custom involves a pattern of persistent and widespread . . . practices which become so permanent and well settled as to have the effect and force of law." *Id.*

"[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). "Moreover, the plaintiff must show not only that a policy or custom existed, and that it was causally related to the plaintiff's injury, but that the policy itself was unconstitutional." Luckert v. Dodge County, 684 F.3d 808, 820 (8th Cir. 2012)(internal quotation marks and citation omitted).

Here, Plaintiff does not contend that Benton County's use of force policy is unconstitutional. Response (Doc. 33)(hereinafter Resp.) at ¶ 2. While he asserts that a custom or practice of Benton County caused the violation of his constitutional rights, he merely states that he "was placed in handcuffs and was roughly slammed against the wall and slammed on the floor while he was in handcuffs." Resp. at ¶ 3. He does not describe a custom or policy but

instead maintains that the policy was not followed on a single occasion. Plaintiff has not alleged "the continuing, widespread, persistent pattern of constitutional misconduct necessary to find the county liable." Luckert, 684 F.3d at 820. On the facts of this case, there is simply no basis on which the county can be held liable.

**(B). Compensatory Damages**

Defendant contends the complaint contains insufficient substance or particularity to make a claim for compensatory damages. Additionally, Defendant points out that the provisions of the Prison Litigation Reform Act require there to be a physical injury prior to a Plaintiff being entitled to recover for mental or emotional injury.

Upon review of the complaint, I believe Plaintiff has sufficiently articulated a claim for compensatory damages. Although he did not place a check on the form complaint indicating he was seeking such damages, he stated he was "seeking compensation for the assault and over excessive force tactics." Doc. 1 at pg. 5, § VIII. He also describes in some detail the acts allegedly taken by Deputy Long. I believe this is sufficient to assert a claim for compensatory damages.

Section 1997e(e) of the PLRA provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

As recognized by the Defendant, the provision limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim. See Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004)(The physical injury requirement of the PLRA "limit[ed] recovery for mental or emotional injury in all federal actions brought by prisoners"

but does not bar the recovery of nominal and punitive damages); see also Pool v. Sebastian County, 418 F.3d 934, 942 n.2 (8th Cir. 2005)(Section 1997e(e) presents an issue of damages under the PLRA). As Plaintiff's claim will proceed regardless of the ruling on this aspect of the motion to dismiss, I will not determine at this time whether Plaintiff has sufficiently alleged the existence of a physical injury. I note, however, that Plaintiff has alleged that he was slammed into the wall multiple times and then to the floor.

### 3. Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 26) be granted in part and denied in part. Specifically, the motion should be granted with respect to the official capacity claim and denied with respect to the issue of whether Plaintiff has sufficiently alleged the existence of a physical injury.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of October 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE