IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRIS STOWELL                                                                  PLAINTIFF

                v.                 Civil No. 12-5125

DEPUTY LONG, Benton
County Detention Center                                           DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights case filed by the Plaintiff, Chris Stowell, pursuant to the terms of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* The case is before me on the motion to dismiss (Doc. 59) filed by Defendant, Deputy Long.

**1. Discussion**

On November 6, 2014, Defendant filed a motion to dismiss (Doc. 59). The motion is based on the failure of the Plaintiff to keep the Court and Defense Counsel aware of his current address as required by Rule 5.5(c)(2) of the Local Rules of the Eastern and Western Districts of Arkansas. Plaintiff was also advised of the requirement to keep the Court informed of his current address in an order (Doc. 3) entered on June 26, 2012.

Defendant indicates mail he sent to the Plaintiff has been returned with a notation "no such number." Mail has also been returned to the Court with the same notation.

However, it was discovered that as a result of clerical error, the Plaintiff's address was noted on the docket as 1600 N. 34th street rather than 600 N. 34th street. A correction has been made on the docket sheet and all mail returned to the Court has been sent to the corrected

address. The error in the address was not a result of Plaintiff's failure to keep the Court informed of his current address.

### 2. Conclusion

For the reasons stated, I recommend that the motion to dismiss (Doc. 59) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of November 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)